T.C. Memo. 2002-14


UNITED STATES TAX COURT


SIMONE JOYE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10338-00L.          Filed January 14, 2002.


Simone Joye, pro se.

<u>Gerard Mackey</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  The petition in this case was filed in response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determination).

The issues remaining for decision are:

(1)  Did respondent correctly determine in the notice of

determination that petitioner is liable for the additions to tax under section 6651(a)(1)[1] and (2) that respondent assessed for each of petitioner's taxable years 1987, 1988, and 1989? We hold that respondent did.

(2) Did respondent abuse respondent's discretion in determining in the notice of determination to proceed to collect the additions to tax under section 6651(a)(1) and (2) that respondent assessed for each of petitioner's taxable years 1987, 1988, and 1989? We hold that respondent did not.

(3) Did respondent abuse respondent's discretion in determining in the notice of determination not to abate interest under section 6404(e) for each of petitioner's taxable years 1987, 1988, and 1989? We hold that respondent did not.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Bronx, New York, at the time she filed the petition in this case.

Petitioner filed a Federal income tax (tax) return (return) for her taxable year 1987 on May 18, 1990. In that return, petitioner showed $1,492 as tax for 1987. As of April 15, 1988, petitioner had a withholding credit of $961 with respect to that tax. On June 18, 1990, respondent timely assessed the following

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

for petitioner's taxable year 1987: Tax of $1,492; additions to tax under section 6651(a)(1) for failure to file timely and section 6651(a)(2) for failure to pay timely of $119.48 and $71.68, respectively; and interest of $176, all of which respondent reflected in Form 4340, CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS (Form 4340). On June 18, 1990, respondent sent petitioner a delinquency notice with respect to her unpaid liability for 1987 of $531 in tax and $191.16 in additions to tax, plus interest as provided by law on those amounts.[2] (For convenience, we shall refer to petitioner's liability for unpaid tax, unpaid additions to tax, and interest as provided by law on such unpaid tax and such additions to tax as petitioner's unpaid liability.) As of the date of trial in this case, petitioner had not paid any portion of petitioner's unpaid liability for 1987.

Petitioner filed a return for her taxable year 1988 on May 18, 1990. In that return, petitioner showed $1,676 as tax for 1988. As of April 15, 1989, petitioner had a withholding credit of $186 with respect to that tax. On June 18, 1990, respondent timely assessed the following for petitioner's taxable year 1988: Tax of $1,676; additions to tax under section 6651(a)(1) for failure to file timely and section 6651(a)(2) for failure to pay

---

[2]Respondent had previously sent petitioner delinquency notices with respect to her taxable year 1987 on July 31, 1989, Sept. 25, 1989, Feb. 5, 1990, and Mar. 19, 1990.

timely of $335.25 and $111.75, respectively; and interest of $261.45, all of which respondent reflected in Form 4340. On June 18 and July 23, 1990, respondent sent petitioner a notice of balance due with respect to her unpaid liability for 1988 of $1,490 in tax and $447 in additions to tax, plus interest as provided by law on those amounts. As of the date of trial in this case, petitioner had not paid any portion of petitioner's unpaid liability for 1988.

Petitioner filed a return for her taxable year 1989 on April 24, 1990. In that return, petitioner showed $1,661 as tax for 1989. As of April 15, 1990, petitioner had a withholding credit of $1,491 with respect to that tax. On June 4, 1990, respondent timely assessed the following for petitioner's taxable year 1989: Tax of $1,661; additions to tax under section 6651(a)(1) for failure to file timely and section 6651(a)(2) for failure to pay timely of $7.65 and $1.18, respectively; and interest of $2.70, all of which respondent reflected in Form 4340. On June 4 and July 9, 1990, respondent sent petitioner a notice of balance due with respect to her unpaid liability for 1989 of $170 in tax and $8.83 in additions to tax, plus interest as provided by law on those amounts. As of the date of trial in this case, petitioner had not paid any portion of petitioner's unpaid liability for 1989.

On June 19, 1990, petitioner sent respondent the following

letter (petitioner's June 19, 1990 letter) with respect to her

unpaid liability for each of the years 1987, 1988, and 1989:

```
Re:  1040A  Year  1987    $  898.16
     1040   Year  1988    $2,198.45
     1040   Year  1989    $  181.53
                   Total: $3,278.14
```

Dear Sir/Madam:

I have recently received notices outlining the above
taxes that I apparently owe.

From June of 1987 until December of 1989, I was regis-
tered as a full-time student (the periods where some
taxes were paid were either when I was only registered
part-time or on a summer break).

When I filled out my W-4 forms I filed for the exempt
status because that is what is highlighted on the form
for full-time students.

Imagine my surprise and dismay when I was notified by
your office that I would have to file taxes for the
above-reference years.  I had the taxes filed and
received notices stating that I owe $3,278.14,
$1,087.14 being interest and penalties (copies en-
closed).

As a current student with a part-time job, paying for
my own education and living on my own, I do not readily
have that type of money available nor did I ever real-
ize that I would be so severly penalized for something
in which I believed to be correct.

Please advise me of my current options in terms of
appealing this, paying for this debt through Form 911
(Application for Assistance Order to Relieve Hardship),
or any other means available.

Also, please send to me the rules and regulations
governing the status of full-time students and with-
holding provisions.  [Reproduced literally.]

On June 29, 1990, respondent sent petitioner a letter in

response to petitioner's June 19, 1990 letter.  In that letter, respondent stated:  "We are looking into the matter you brought to our attention; however, additional research is needed before we can give you a final answer.  No further action is required of you at this time.  We should have a response for you within 30 days from the date of this letter."

On August 9, 1990, respondent sent petitioner a second letter in response to petitioner's June 19, 1990 letter.  In that letter, respondent stated:

> Thank you for your reply dated June 19, 1990, to our inquiry about your Form 1040 for the tax period(s) shown above [petitioner's taxable years 1987, 1988, and 1989].  We are looking into the matter and will answer you more fully within 45 days from the date of this letter.

On November 12, 1990, respondent sent petitioner a notice of intent to levy with respect to petitioner's unpaid liability for each of the years 1987, 1988, and 1989.

On a date not disclosed by the record after petitioner sent petitioner's June 19, 1990 letter to respondent and before July 29, 1991, petitioner again informed respondent that she was unable to pay in full her liability for each of the years 1987, 1988, 1989, as well as 1990.  On July 29, 1991, respondent sent petitioner a letter with respect to petitioner's unpaid liability for each of the years 1987, 1988, 1989, and 1990.  In that letter, respondent stated:

> You told us recently that you cannot pay your

> taxes in full.  Therefore, you must complete the en-
> closed Form 433F, Collection Information Statement.

> \*     \*     \*     \*     \*     \*     \*

> If you do not return the above documents within 7
> days from the date of this letter, we will begin en-
> forcement actions.  We expect you to pay as much as
> possible at the time you send in your statements. * * *

Respondent has no record of having received Form 433-F, Collec-
tion Information Statement (Form 433-F), from petitioner.

On December 15, 1995, respondent filed a notice of Federal
tax lien against petitioner with respect to her unpaid liability
for each of the years 1987, 1988, and 1989.  On December 26,
1995, respondent classified petitioner's unpaid liability for
each of the years 1987, 1988, and 1989 as "currently not collect-
ible" because respondent was unable to locate petitioner.

On May 18, 1998, respondent sent petitioner a separate
notice of balance due with respect to petitioner's unpaid liabil-
ity for each of the years 1987, 1988, and 1989.  On June 22,
1998, respondent sent petitioner a separate notice of intent to
levy with respect to each of those unpaid liabilities.

On July 8, 1998, petitioner sent respondent a letter in
response to the three notices of balance due that respondent sent
to petitioner on May 18, 1998.  In that letter, petitioner
stated:

> On June 19, 1990 I sent a letter to the IRS regarding
> taxes for 1987, 1988, and 1989 (copy enclosed).  It was
> clearly stated on the W-4 form if you were a full-time
> student you were instructed to write in EXEMPT from

taxes, in which I did. * * *

I have argued this point for several years, and believe at that time the W-4 form was misleading. Apparently, others have agreed because there is now a "Note" in the instructions for the W-4 which now states you cannot claim exemption if your income is over $700 or another person can claim you as a dependent on their tax return (which is very different from what was initially told and outlined to me in 1990) and number 7 on the W-4 no longer has a line for full-time students.

I have always believed and still do that, unequivocally, the amount I am being told I owe is grossly unfair. The amount now owed, with interest and penalties included, is over 2x the amount I initially owed. I called the IRS office several times after the correspondence in 1990, to try and find out how to file an appeal and was promised the correct form, although I have never received them.

Upon receipt of the recent notices dated, May 18, 1998 in which I have been told that a lien may be taken out against me, (and because this issue is haunting me), I informed a IRS representative, through the 1-800 number, I would be willing to pay the initial amount of taxes underpaid which totals $2,402 (see attached schedule) by sending $100 per month beginning August 10, 1998. I was told that there would be an hold on my account for six weeks and for me to put my situation in writing. I would like to ask the penalties be eliminated due to a reasonable cause, and the penalties be abated. I am a single mother and have had to postpone my graduate studies due to a financial hardship. There is no way I can afford to pay almost $8,000 and I do not have any assets in which a lien can be placed upon. In addition, I have a similar type of situation with the State of New York which totals approximately $4,000. [Reproduced literally.]

On May 18, 1999, respondent sent petitioner a notice informing her of respondent's intent to levy and petitioner's right to an Appeals Office hearing with respect to petitioner's unpaid liability for each of the years 1987, 1988, 1989, 1990, and 1997.

On June 11, 1999, respondent received petitioner's request for an Appeals Office hearing with respect to her unpaid liability for each of the years 1987, 1988, 1989, and 1990. In that request, petitioner stated:

> I do not agree with the Notice of Levy/Seizure because of the circumstances in which were done to determine the tax liability. For several years, I have written and telephoned the IRS to try to set up a meeting to try and remedy this situation, to no avail.
>
> The taxes incurred are when I was a full-time student and I filled out the W-4 form according to the instructions listed under number 7 which states "I claim exemption from withholding for...and I certify that I meet BOTH of the following conditions for exemption:..." Since that time the form has been changed, but when I filled them out for the years of collection one of the conditions were if you were a full-time student.
>
> I now know, through investigation, that if a person made over a certain income they could not be exempt. However, at the time this was not made clear by my employer or on the W-4 form. It was almost like a set-up for students and I truly do not feel I should be held liable for the amount of $8,718.39 that is being stated I owe.
>
> Because this has been a detriment to me for a very long time, I would be willing to pay the assessed balance charges, just so that I may get this behind me. However, I do not seem it just nor proper to charge me with Statutory Additions or to penalize me by seizing any property of mines which would not equal the amount owed. I am a single mother and any penalization would be a severe hardship for me.
>
> I welcome an opportunity to finally review this with an IRS representative in person at the earliest possible time to set-up a payment plan. [Reproduced literally.]

On October 5, 1999, Appeals Officer Martin D. Fried sent petitioner a letter indicating that he had received petitioner's

case for consideration and that he would contact petitioner to schedule an Appeals Office hearing.  On February 28, 2000, Appeals Officer Federico Lawrence (Mr. Lawrence) sent petitioner a letter indicating that he had received petitioner's case for consideration and that he would contact petitioner to schedule an Appeals Office hearing.

On June 20, 2000, Mr. Lawrence sent a letter to petitioner (Mr. Lawrence's June 20, 2000 letter), in which he stated:

> Attached, [sic] for your information is a copy of Form W-4 for the taxable year 1988.  Line 7 of the document states as follow[s]:
>
> "Are you a full time student? (Note:  Full-time students are not automatically exempt.)"
>
> I was not able to locate a copy of the Form W-4 for 1987 but I assumed it would be identical to the 1988 W-4 Form.  Also, 1988 was the year you incurred largest liability.  Our records show the outstanding balance for taxable year 1988 to be $5,019.81, as of May 1999. This amount includes accrued interest and penalties.

Line 6 of Form W-4, Employee's Withholding Allowance Certificate (Form W-4), for 1987, which, according to Mr. Lawrence's June 20, 2000 letter, he was unable to locate, provided:

> 6 I claim exemption from withholding because (see Step 2 above and check boxes below that apply):
>   a **G**  Last year I did not owe any Federal income tax and had a right to a full refund of ALL income tax withheld, AND
>   b **G**  This year I do not expect to owe any Federal income tax and expect to have a right to a full refund of ALL income tax withheld.  If both a and b apply, enter the year effective and "EXEMPT" here . . . . ▸            Year 19
>   c If you entered "EXEMPT" on line 6b, are you a full-time student? . . . . . . . . . . . . . . . . . . . . . . . .    **G**Yes **G**No

The instructions for completing line 6 of Form W-4 for 1987

that were contained in that form provided:

> Step 2--Are you Exempt From Withholding?--You are exempt from withholding ONLY if:
>
> 1.  Last year you did not have any Federal income tax liability; AND
>
> 2.  This year you expect to have no Federal income tax liability.
>
>     Important Change in the Law.--If you can be claimed as a dependent on another person's tax return (for example, on your parent's return), you may not be exempt. You cannot claim exempt status if you have any nonwage income, such as interest on savings, and expect your wages plus this nonwage income to add up to more than $500.
>
>     If you are exempt, go to line 6 of Form W-4 and complete the appropriate boxes. Your exempt status will remain in effect until February 15 of the next year. If you still qualify for exempt status next year, complete and file a new form by that date.

On June 28, 2000, Mr. Lawrence received a letter from petitioner in response to Mr. Lawrence's June 20, 2000 letter.[3]

In that letter, petitioner stated:

> First let me say thank you for your assistance in my case. I have received your letter of June 20, 2000.
>
> Fortunately, I have found a copy of the 1987 W-4 Form and it is not the same as 1988 as you had assumed. As you will see, in Line 6, letter c it states, "If you entered "EXEMPT" on line 6b, are you a full-time student?"
>
> Additionally, I held the same job in 1987 and for at

---

[3]The letter that respondent received from petitioner on June 28, 2000, showed a date of June 16, 2000. However, we are convinced from that letter (1) that petitioner wrote it on a date after June 20 and before June 28, 2000, and (2) that petitioner mistakenly dated that letter June 16, 2000.

least six months in 1988 and never submitted a new W-4 form since I was on the same job. When I got another job in July or August 1988 (and subsequent years), I followed the same protocol. Although on the W-4's for 1988, 1989 and 1990 it states full-time students are not automatically exempt, it does not tell you the procedure by which to go by. I still stand by my belief that I had a right to claim exempt because I was a full-time student.

Once again, I feel that the amount for an alleged liability incurred when I was 21-23 years old that is 10-13 years old respectively is still grossly unfair. In particular since the interest and penalties total more than the debt claimed I was to pay and I simply cannot afford it. In addition, the law of the IRS is that after 6 years (assuming a person has not failed to report more than 25% of their income) the tax records of an individual are closed from what I understand. [Reproduced literally.]

On July 12, 2000, petitioner had an Appeals Office hearing before Mr. Lawrence. Prior to June 11, 1999, the date of the receipt by respondent of petitioner's request for an Appeals Office hearing, petitioner had had no contact with Mr. Lawrence with respect to petitioner's unpaid liability for each of the years 1987, 1988, 1989, and 1990.

On September 15, 2000, the Appeals Office issued to petitioner a notice of determination with respect to petitioner's taxable years 1987, 1988, 1989, 1990, and 1997. That notice of determination stated in pertinent part as follows:

Issue[s] raised by the taxpayer

*   *   *   *   *   *   *

The taxpayer's position is that she should not be held liable for the interest and penalties that have accrued on the unpaid taxes, for the tax years involved [1987,

1988, 1989, 1990, and 1997], since the Form W-4 did not properly explain that if a full time student made over a certain amount of income he/she could not be exempt from withholdings taxes from wages.  She wants the interest and the penalties to be abated based on un-clear written instructions From the IRS.

*     *     *     *     *     *     *

IRC § 6601(a) provides, that if any amount of the tax imposed by this title is not paid on or before the last date prescribed for payment, interest on the underpay-ment rate established under Section 6621 shall be paid for the period from such last date to the date paid.

IRC § 6404(e)(1) provides for abatement of interest attributable to unreasonable error and delays by Inter-nal Revenue Service in performing a ministerial or management act.  However, interest cannot be abated for any period if a significant aspect o the error or delay can be attributable to the taxpayer within the meaning of section 267(b) or 707(b) of the code.

In the present case, IRC § 6404(e)(1) does not apply, because the evidence in this case shows that error or delay was attributable to taxpayer's Failure to file timely tax returns and to pay the taxes due on those returns.  Based on the evidence in the case file, it appears that the taxpayer willfully disregards IRS Rules and Regulations.  Accordingly, the interest is due and payable.

IRC § 6651(a)(1) imposes a penalty for the failure to file tax return, by the date prescribed, unless, it is shown that the failure is due to reasonable cause and not due to willful neglect.

Likewise, IRC § 6651(a)(2) imposes a failure to pay penalty if the tax shown on the return, is not paid by the due date of that return, unless the failure to pay is due to reasonable cause and not due to willful neglect.

The burden of proof is on the taxpayer to establish reasonable cause for the abatement of the penalties. The evidence in this case shows, that even though if the taxpayer was misled to believe that she was exempt from withholdings, as a result of the information she

had received from the 1987 Form W-4 that information has nothing to do with late filing of the tax returns and the failure to pay the taxes due on those returns. Therefore, the taxpayer's argument has no merit with respect to the Form W-4 instructions because the real issues in this case are the penalty for the failure to file timely returns and the penalty for the failure to pay the taxes due on those returns. Accordingly, the penalties are due and payable.

Furthermore, the taxpayer was not asserted a penalty for insufficient withholdings of tax from wages. Therefore, the Form W-4 argument appears to have been raised to cloud the main issues in this case, which are the Failure to timely file returns and the Failure to pay the taxes due on those returns.

*   *   *   *   *   *   *

MY EVALUATION

I recommend that the Service Center be allowed to issue a Notice of Levy. [Reproduced literally.]

On October 4, 2000, petitioner filed a petition in response to respondent's determinations in the notice of determination with respect to only petitioner's taxable years 1987, 1988, and 1989. In the petition, petitioner alleged:

IRC Section 6404(e)(1) should be applicable due to the IRS delays. Correspondence was sent to the IRS 3/38/90 and 6/19/90 regarding the tax periods above. Petitioner was informed via letter dated 6/29/90 that "No further action is required of you at this time" and that "We should have a response for you within 30 days from the date of this letter." The next response was a letter dated 8/9/90 stating "We are looking into the matter and will answer you more fully within 45 days from the date of this letter." Petitioner then received a letter dated 9/27/90 & 7/29/91 requesting that I fill out a Collection Information Statement which was done and submitted to the IRS on 7/31/91. No further correspondence was received from the IRS regarding this.

* * * * * * *

Petitioner strongly believes that IRC Section
6404(e)(1) does apply in this case, because there is
evidence in this case which shows that delays were not
attributable to Petitioner "Failure to file timely tax
returns" as Petitioner has been corresponding with the
IRS regarding these tax years since 1988. Addition-
ally, Petitioner is accused of raising at the Appeals
Conference a "W-4 argument [which] appears to have been
raised to cloud the main issues in this case..." Petitioner has con
W-4 form since 1988. [Reproduced literally.]

OPINION

Petitioner does not dispute respondent's determinations in
the notice of determination that respondent may proceed to
collect tax of $531 for 1987, $1,490 for 1988, and $170 for 1989.
Petitioner disputes only respondent's determinations that respon-
dent may proceed to collect additions to tax under section
6651(a)(1) and (2) and interest as provided by law for each of
those years.[4]

---

[4]With respect to the additions to tax under sec. 6651(a)(1)
and (2) that respondent assessed for each of petitioner's taxable
years 1987, 1988, and 1989, petitioner indicated at trial that
she disputes that she is liable for those additions to tax. On
brief, petitioner indicates that she seeks "abatement" of those
additions to tax. We construe petitioner's position as a request
to review (1) whether she is liable for the additions to tax
under sec. 6651(a)(1) and (2) that respondent assessed for each
of her taxable years 1987, 1988, and 1989 and (2) whether if the
Court were to find that she is so liable, respondent may proceed
to collect such additions to tax.

With respect to the interest as provided by law for each of
petitioner's taxable years 1987, 1988, and 1989, petitioner
indicated at trial and on brief that she seeks abatement of such
interest during the period 1990 to the present. We construe
petitioner's position as a request to review respondent's failure
(continued...)

Where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis.  Where the validity of the underlying tax liability is not properly at issue, the Court will review the administrative determination of the Appeals Office of the Internal Revenue Service for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Respondent concedes that petitioner did not receive a notice of deficiency for any of her taxable years 1987, 1988, or 1989 and did not otherwise have an opportunity to dispute her tax liability for any of those years.  Petitioner properly raised as an issue at her Appeals Office hearing whether she is liable for the additions to tax under section 6651(a)(1) and (2) for each of the years 1987, 1988, and 1989.  See sec. 6330(c)(2)(B).  We shall review on a de novo basis respondent's determinations in the notice of determination that petitioner is liable for the additions to tax under section 6651(a)(1) and (2) for each of those years.  If we find that petitioner is liable for those additions to tax, we shall review for abuse of discretion respondent's determinations in the notice of determination to proceed to collect those additions to tax.  We shall also review for

---

[4](...continued)
to abate interest under sec. 6404(e).

abuse of discretion respondent's determinations in the notice of determination not to abate interest under section 6404(e) for any of petitioner's taxable years 1987, 1988, and 1989.

De Novo Review

It is respondent's position that respondent has the burden of production under section 7491(c) with respect to petitioner's liability for each of the years at issue for the additions to tax under section 6651(a)(1) and (2).  Section 7491(c) provides:

> SEC. 7491.  BURDEN OF PROOF.
>
>     (c) Penalties.--Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title.

Assuming, without deciding, that respondent has the burden of production with respect to petitioner's liability for each of the years at issue for the additions to tax under section 6651(a)(1) and (2), on the record before us, we find that respondent has met respondent's burden by coming forward with sufficient evidence indicating that it is appropriate to impose on petitioner such additions to tax for such years.[5]  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).

Section 6651(a)(1) imposes an addition to tax for failure to

---

[5]The parties stipulated that petitioner did not file timely her return for each of the years at issue and that, at least as of the date of trial in this case, petitioner had not paid timely any portion of her unpaid liability for each of those years.

file timely a tax return.  Section 6651(a)(2) imposes an addition to tax for failure to pay timely the amount shown as tax in any return.  The additions to tax under section 6651(a)(1) and (2) do not apply if the failure to file timely and to pay timely is due to reasonable cause and not to willful neglect.  Sec. 6651(a)(1) and (2).  Petitioner bears the burden of proving that any such failures are due to reasonable cause and not to such willful neglect.  See Higbee v. Commissioner, supra at 447.

Petitioner does not dispute that she did not file timely her return for each of her taxable years 1987, 1988, and 1989 and that she did not pay timely the tax shown in each such return. As we understand petitioner's position, she contends that her failure to file timely her return for each of her taxable years 1987, 1988, and 1989 and to pay timely the tax shown in each such return was due to her erroneous belief based on Form W-4 for 1987 that, because she was a full-time student, she was exempt from withholding of tax from her wages (withholding) during each of those years.  Petitioner points to no authority that shows that she was not required to file a return for each of her taxable years 1987, 1988, or 1989 and that she was not required to pay the tax shown in each such return.  Nothing in Form W-4 for 1987, the instructions for that form, or the law in effect for that year indicates that a full-time student was exempt from withhold-

ing for that year.[6]  On the record before us, we reject peti-
tioner's position.

Assuming arguendo that Form W-4 for 1987 had indicated that
full-time students were exempt from withholding for that year and
that petitioner was exempt from withholding for each of her
taxable years 1987, 1988, and 1989, on the record before us, we
find that petitioner was required to file timely a return for
each of those years and to pay timely the tax shown in each such
return.  See sec. 6012(a)(1)(A).

On the record before us, we find that petitioner has failed
to show that her failure to file timely her return for each of
her taxable years 1987, 1988, and 1989 and her failure to pay
timely the tax shown in each such return was due to reasonable
cause and not to willful neglect.  On that record, we find that
petitioner has failed to show that she is not liable for the
additions to tax under section 6651(a)(1) and (2) that respondent
assessed for each of those years.

---

[6]Although petitioner claims that, pursuant to Form W-4 for
1987, she was exempt from withholding for each of her taxable
years 1987, 1988, and 1989 because she was a full-time student
during each such year, tax was withheld from her wages during
each of those years, and petitioner was aware of such withhold-
ing.  On the instant record, we find incredible petitioner's
claimed belief that she was exempt from withholding.  Even if
petitioner had erroneously believed that she was exempt from
withholding for each of the years 1987, 1988, and 1989, her
mistake as to, or ignorance of, the law does not constitute
reasonable cause under sec. 6651(a)(1) and (2).  Joyce v. Commis-
sioner, 25 T.C. 13, 15 (1955).

Review for Abuse of Discretion

Petitioner must establish that respondent abused respondent's discretion in determining to proceed to collect the additions to tax at issue under section 6651(a)(1) and (2) and interest as provided by law for each of petitioner's taxable years 1987, 1988, and 1989.  See Rule 142(a).

Additions to Tax Under Section 6651(a)(1) and (2)

Although not altogether clear, petitioner appears to contend that respondent abused respondent's discretion in determining to proceed to collect the additions to tax under section 6651(a)(1) and (2) that respondent assessed for each of petitioner's taxable years 1987, 1988, and 1989 because:  "I [petitioner] have been the one to iniciate [sic] the cause of action in seeking to rectify my situation with the IRS".  Petitioner offered the following explanation of her position:

> So, the issue is not so much that I didn't want to file taxes or I didn't want to pay the taxes, but all these years that have gone on, I don't think that I should be penalized when I have tried to, as evidenced in all the exhibits, reach out to the IRS to have someone sit with me and say, no, this [is] the law, this is not the law, et cetera.

Respondent sent petitioner delinquency notices with respect to her taxable year 1987 in July and September 1989 and in February and March 1990.[7]  Thereafter, on April 24, 1990, peti

---

[7]Respondent also sent petitioner (1) a delinquency notice with respect to petitioner's unpaid liability for 1987 in June
(continued...)

tioner filed her return for 1989, and on May 18, 1990, she filed her return for each of the years 1987 and 1988. In June 1990, respondent timely assessed petitioner for her unpaid liability for each of the years 1987, 1988, and 1989. In petitioner's June 19, 1990 letter and again sometime thereafter, petitioner informed respondent that she was unable to pay in full her unpaid liability for each of those years, which prompted respondent to send petitioner Form 433-F on July 29, 1991.[8] Although prior to trial petitioner claimed that she completed Form 433-F that respondent sent to her, respondent has no record of having received that form. In December 1995, respondent filed a notice of Federal tax lien against petitioner with respect to her unpaid liability for each of the years 1987, 1988, and 1989 and classified each such liability as "currently not collectible" because respondent was unable to locate petitioner. In May and June 1998, respectively, respondent sent petitioner notices of balance due and notices of intent to levy with respect to her unpaid liability for each of the years 1987, 1988, and 1989, to which

---

[7](...continued)
1990 and (2) separate notices of balance due with respect to her unpaid liability for 1988 and 1989 in June 1990 as well as in July 1990.

[8]Although petitioner claimed in certain letters that she sent to respondent that she was unable to pay in full her unpaid liability for each of the years 1987, 1988, and 1989, petitioner did not contend in her petition, at trial, or on brief that she was not able to pay that liability for each such year.

petitioner responded by letter on July 8, 1998.

On the record before us, we find that petitioner has failed to show that respondent abused respondent's discretion in determining in the notice of determination to proceed to collect the additions to tax under section 6651(a)(1) and (2) that respondent assessed with respect to each of petitioner's taxable years 1987, 1988, and 1989.[9]

Interest

We construe petitioner's position with respect to the interest at issue as a request to review respondent's failure to abate interest under section 6404(e). See supra note 4. We have jurisdiction to review respondent's determination in the notice of determination not to abate interest. Sec. 6404(i); Katz v. Commissioner, 115 T.C. 329, 340-341 (2000).

Petitioner contends that respondent abused respondent's discretion in failing to abate interest on petitioner's unpaid liability for each of the years 1987, 1988, and 1989 because:

respondent * * * has performed a ministerial act re-

---

[9]With respect to petitioner's contention that she would be penalized if the Court were to allow respondent to proceed to collect the additions to tax at issue under sec. 6651(a)(1) and (2), we note that additions to tax such as those under sec. 6651(a)(1) and (2) are remedial, and not punitive. See Helvering v. Mitchell, 303 U.S. 391, 401 (1938); Ianniello v. Commissioner, 98 T.C. 165, 187 (1992). Such additions to tax are provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the significant expense of investigation and the loss resulting from a taxpayer's actions or omissions. See Helvering v. Mitchell, supra.

garding my case under the law.

* * * * * * *

* * * Respondent has delayed my tax situation and did not allow me due process or accurate information until I sought relief from the Court.  This was an abuse of their discretion. * * *

Section 6404(e) provides in pertinent part:

SEC. 6404.  ABATEMENTS.

    (e) Assessments of Interest Attributable to Errors and Delays by Internal Revenue Service.--

        (1) In general.--In the case of any assess- ment of interest on--

* * * * * * *

            (B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee [of the Internal Revenue Service] being erroneous or dilatory in performing a ministerial act,

    the Secretary may abate the assessment of all or any part of such interest for any period.  For purposes of the preceding sentence, an error or delay shall be taken into account only if no sig- nificant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the tax- payer in writing with respect to such * * * pay- ment.[1]

---

[1]Sec. 6404(e) was amended by Taxpayer Bill of Rights 2, Pub. L. 104-168, sec. 301, 110 Stat. 1452, 1457 (1996), to permit the Secretary to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts.  This amendment applies to interest accruing with respect to deficiencies or payments for taxable years beginning after July 30, 1996; therefore, it does not apply to the instant case.  Katz v. Commissioner, 115 T.C. 329, 341 n.18 (2000).

Petitioner does not point to any ministerial act performed

by respondent or otherwise advance any arguments or contentions

in support of her position that the delay in the payment of her unpaid liability for each of the years 1987, 1988, and 1989 was attributable to respondent's being erroneous or dilatory in performing a ministerial act. Respondent contends that a significant aspect of petitioner's delay in the payment of her unpaid liability for each of those years is attributable to petitioner. On the record before us, we agree with respondent. At all times, petitioner had the ability to stop the accrual of interest on her unpaid liability for each of the years 1987, 1988, and 1989 by paying that liability. On the record before us, we find that petitioner has failed to show that the delay in the payment of her unpaid liability for each of the years 1987, 1988, and 1989 was attributable to respondent's being erroneous or dilatory in performing a ministerial act. On that record, we further find that petitioner has failed to show that respondent abused respondent's discretion in determining not to abate interest during the period 1990 to present with respect to each of those years.

We have considered all of petitioner's arguments and contentions that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.