T.C. Summary Opinion 2005-27


UNITED STATES TAX COURT


DONALD W. AND KATHRYN B. CONNER, Petitioners v. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 11617-03S.          Filed March 16, 2005.


Donald W. and Kathryn B. Conner, pro sese.

Lauren Epstein, for respondent.


PANUTHOS, Chief Special Trial Judge:  This case was heard
pursuant to the provisions of sections 6330(d) and 7463.[1]  The
decision to be entered is not reviewable by any other court, and
this opinion should not be cited as authority.

Respondent issued petitioners a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended.

(notice of determination). The issues for decision are: (1) Whether respondent abused his discretion in failing to abate interest, and (2) whether respondent improperly refused to abate assessments for additions to tax for failure to file under section 6651(a)(1) and failure to pay under section 6651(a)(2).

## Background

Some of the facts have been stipulated, and they are so found. Petitioners resided in Tampa, Florida, at the time the petition was filed.

Petitioners filed a 1997 Federal income tax return on March 1, 2001. The 1997 return reflected a tax due. There was no remittance with the return. Respondent assessed the tax as well as interest and additions to tax.

On May 1, 2002, respondent received an offer in compromise (OIC) submitted by petitioners. The OIC was returned to petitioners on May 23, 2002, because respondent's records reflected that petitioners were not current in the filing of quarterly employment tax returns. By cover letter dated June 27, 2002, petitioners resubmitted the OIC. Petitioners advised in the letter that there was no payroll for their business, and therefore no employment tax returns were due.

The OIC was rejected in an Internal Revenue Service letter dated April 21, 2003. The letter advised petitioners that the amount offered was less than the reasonable collection potential.

The letter detailed petitioners' equity and future ability to pay totaling $427,532.  Petitioners offered $3,000 to pay a balance due at that time of $7,961.  The letter further noted that petitioners' special circumstances were considered, but they did not warrant a decision to accept the offer.

Meanwhile, respondent issued to petitioners a notice of intent to levy dated July 12, 2002, for the 1997 taxable year. Petitioners submitted a timely Form 12153, Request for a Collection Due Process Hearing.  Petitioners attached a statement explaining their position.  Petitioners asserted that they were out of work and that Mrs. Conner was disabled.  Petitioners asserted that they were in very poor financial condition.  They further asserted that the IRS had delayed resolution of their case and asked that interest and "penalties"[2] be abated. Petitioners paid the balance due on May 14, 2003, after the notice of demand for payment but prior to the issuance of the notice of determination.  Petitioners however seek an abatement of interest and additions to tax.

On June 9, 2003, the Appeals Office issued the notice of determination that petitioners are not entitled to an abatement of interest or additions to tax.  A timely petition was filed.

---

[2]The parties have each referred to "penalties"; however we understand the parties' reference to mean the additions to tax under sec. 6651(a)(1) and (2).

## Discussion

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations. Sec. 6330(d). Where the validity of the underlying tax liability is not at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). Where the underlying tax liability is in issue, we review de novo. Goza v. Commissioner, 114 T.C. 176, 181 (2000).

Petitioners do not appear to argue that the failure of respondent to accept the OIC was an abuse of discretion. Accordingly, we need not, and do not, consider whether the Appeals officer's refusal to accept the OIC submitted by petitioners was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999). We do however consider the question of abatement of interest and additions to tax.

## A. Abatement of Interest

We have jurisdiction over petitioners' request for abatement of interest because the Court has jurisdiction to review the Commissioner's refusal to rebate interest under section 6404. Katz v. Commissioner, 115 T.C. 329, 340-341 (2000); Moore v. Commissioner, 114 T.C. 171, 175 (2000). This Court may order an abatement of interest if the Commissioner abuses his discretion in failing to abate interest. Sec. 6404(h)(1). The taxpayer

must show that the Commissioner exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, supra at 23.

As applicable for the year in issue, section 6404(e) permits the Commissioner to abate interest with respect to any "unreasonable" error or delay resulting from a ministerial or managerial act.[3]  The regulations define a ministerial act as a "procedural or mechanical act that does not involve the exercise of judgment or discretion, and that occurs during the processing of a taxpayer's case after all prerequisites to the act, such as conferences and review by supervisors, have taken place."  Sec. 301.6404-2(b)(2), Proced. & Admin. Regs.  The regulations define a managerial act as "an administrative act that occurs during the processing of a taxpayer's case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel."  Sec. 301.6404-2(b)(1), Proced. & Admin. Regs.

Petitioners appear to assert that there was delay in processing the OIC.  In particular, petitioners assert that delay resulted when the OIC was returned to them by the IRS for reasons

_____

[3]  Sec. 6404(h), formerly sec. 6404(g), is applicable to requests for abatement after July 30, 1996.  Taxpayer Bill of Rights 2 (TBOR 2), Pub. L. 104-168, sec. 302, 110 Stat. 1457 (1996).  Further, sec. 301(a)(1) and (2) of TBOR 2 permits abatement of interest with respect to unreasonable error or delay from "managerial" acts, effective for interest accruing with respect to tax years beginning after July 30, 1996.

that petitioners were not current in filing quarterly employment tax returns. Respondent later acknowledged that petitioners were not required to file these returns after being provided with information by petitioners.

We do not conclude that respondent abused his discretion in denying interest abatement. Approximately 3 weeks after petitioners submitted the OIC, May 1 to May 23, 2002, the IRS returned the OIC, believing that petitioners were required to file quarterly employment tax returns and that therefore they were not current in their filing obligations. In June 2002, petitioners provided the IRS with information revealing that they were not required to file and resubmitted the OIC. Respondent then proceeded to consider the OIC and ultimately rejected the OIC by letter dated April 21, 2003, approximately 10 months after the offer was resubmitted. As indicated, the revenue officer considering the OIC concluded that petitioners had net equity in assets plus future ability to pay totaling $427,532. Petitioners had offered $3,000 to pay the balance then due of $7,961. While we are aware that the process of consideration of petitioners' OIC did not proceed at a pace that petitioners might have liked, we do not conclude that there was delay resulting from a ministerial or managerial act. This is particularly the case where petitioners do not dispute the conclusions set forth in the rejection of the OIC.

B. <u>Additions to Tax</u>

The income tax assessment against petitioners includes additions to tax under section 6651(a)(1) and (2). Petitioners did not receive a notice of deficiency or otherwise have an opportunity to dispute the additions to tax relating to their income liabilities; therefore, they can challenge them during the section 6330 proceeding. Sec. 6330(c)(2)(B); see <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 7 (2004). We review de novo respondent's determination with respect to these additions to tax. <u>Goza v. Commissioner</u>, <u>supra</u> at 181-182.

Section 6651(a)(1) imposes an addition to tax of 5 percent per month of the amount of tax required to be shown on the return, not to exceed 25 percent, for failure to timely file a return. Section 6651(a)(2) imposes an addition to tax for failure to pay timely the amount shown as tax in any return. The addition under section 6651(a)(2) is in an amount of 0.5 percent of the amount of such tax for each month or fraction thereof that the tax remains unpaid, not to exceed 25 percent in the aggregate. Under section 6651(c)(1) the 5 percent for each additional month imposed by section 6651(a)(1) is reduced by the amount of the addition to tax under section 6651(a)(2) to 4.5 percent for any month in which both additions are imposed. The additions to tax under section 6651(a)(1) and (2) are imposed

unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect.[4]

Petitioners did not present any evidence as to the reasons for their failure to timely file and pay the tax that was due. Under such circumstances we would have no basis to conclude that the failure to file and failure to pay were due to reasonable cause and not due to willful neglect. We conclude that there is no basis to abate the additions to tax under these circumstances.

Reviewed and adopted as the report of the Small Tax Case Division.

To give effect to the foregoing,

<u>An appropriate decision will be entered for respondent</u>.

---

[4] The parties have not presented argument as to the application of sec. 7491. The Commissioner bears the burden of production in any Court proceeding with respect to the liability for any addition to tax. Sec. 7491. To meet this burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty or addition to tax. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). The taxpayer bears the burden of proof that the Commissioner's determination is incorrect and that there was reasonable cause. <u>Id.</u> at 446-447.

Assuming, without deciding, that respondent has the burden of production, see <u>Goodwin v. Commissioner</u>, T.C. Memo. 2003-289; <u>Joye v. Commissioner</u>, T.C. Memo. 2002-14, there is no question but that petitioners were required to file a tax return and failed to file the 1997 tax return until Mar. 1, 2001. Further, petitioners did not remit payment prior to, or with, the filing of the delinquent return.