CAROL DIANE GRAY, PETITIONER *v.* COMMISSIONER OF
INTERNAL REVENUE, RESPONDENT

Docket No. 27849–09L.[1]        Filed March 28, 2012.

R issued and mailed to P a notice of determination concerning collection actions under I.R.C. secs. 6320 and/or 6330, with respect to unpaid income taxes for 1992, 1993, 1994, and 1995, on Oct. 16, 2009. The notice determined that a proposed lien and levy should be sustained. Although P had requested relief under I.R.C. sec. 6015 for the years in issue at her hearing, the notice was silent with respect thereto. Petitioner had previously requested I.R.C. sec. 6015 relief for the same years and received a final determination with respect thereto in 2000, for which she did not file a petition for review by this Court within 90 days. The notice of determination also stated that, with respect to P's request for interest abatement, it had been determined that P was not eligible under I.R.C. sec. 6404(e) for any abatement of interest. P's petition seeking review of the notice of determination was received and filed by the Court on Nov. 23, 2009. The envelope containing the petition bore a legible U.S. postmark of Nov. 17, 2009. R moved to dismiss for lack of jurisdiction on the ground that the petition was untimely.

1. *Held*: We lack jurisdiction under I.R.C. sec. 6330(d) to review the determination concerning the collection actions because the petition was not filed within 30 days of the determination as required by I.R.C. sec. 6330(d)(1).

2. *Held*, *further*, further proceedings are necessary to determine whether we have jurisdiction under I.R.C. sec. 6015(e)(1)(A) to determine the appropriate relief available to petitioner under I.R.C. sec. 6015.

3. *Held*, *further*, the petition is timely for purposes of our jurisdiction under I.R.C. sec. 6404(h)(1) to review whether the failure to abate interest was an abuse of discretion, as it was filed less than 180 days after the notice of determination was mailed to P.

Carol Diane Gray, pro se.
*Brett Saltzman*, for respondent.

[1] This case was previously consolidated for purposes of disposition with the cases at docket Nos. 3260–08L and 27850–09L, concerning review of collection actions with respect to certain other taxable years of petitioner. Pursuant to orders entered on the date of this Opinion, the consolidation is eliminated and the cases at docket Nos. 3260–08L and 27850–09L are dismissed for lack of jurisdiction.

OPINION

GALE, *Judge*: The petition in this case seeks review of a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330[2] issued by respondent's Office of Appeals (Appeals). In the notice of determination Appeals determined both to sustain the proposed collection actions (a lien and a levy) and to reject petitioner's request for an abatement of interest. The notice of determination was mailed on October 16, 2009. The envelope containing the petition bears a U.S. Postal Service (USPS) postmark of November 17, 2009. The petition was received by the Court and filed on November 23, 2009.

Respondent has moved to dismiss for lack of jurisdiction on the ground that the petition was untimely. We must decide whether the petition was timely with respect to our review of a collection action pursuant to section 6330(d)(1) and, if not, whether we have jurisdiction pursuant to sections 6015 or 6404 to review the determination with respect to spousal relief or interest abatement.

We hold that the petition was untimely with respect to our review pursuant to section 6330(d)(1) of Appeals' determination to proceed with both collection actions; accordingly, we shall grant respondent's motion to dismiss for lack of jurisdiction insofar as the collection actions that are the subject of the notice of determination are concerned. The record developed thus does not establish whether we have jurisdiction pursuant to section 6015(e) to determine the appropriate relief available to petitioner under section 6015. We shall therefore deny respondent's motion insofar as petitioner's claim for section 6015 relief is concerned. However, we further hold that the notice of determination contains a final determination not to abate interest. Consequently, the petition constitutes a timely request for review pursuant to section 6404(h) of Appeals' determination not to abate interest. Respondent's motion will therefore be denied with respect to petitioner's request for review of the failure to abate interest.

---

[2] Unless otherwise noted, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## *Background*

The following has been stipulated or is not in dispute. Petitioner resided in Illinois when she filed her petition.

On October 16, 2009, Appeals issued and sent to petitioner by certified mail a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 concerning a lien and a levy to collect unpaid income taxes for 1992, 1993, 1994, and 1995. The notice of determination rejected any collection alternatives and sustained the lien and levy. The notice of determination also analyzed petitioner's request for abatement of tax, interest, and additions to tax.

On the basis of substantiation of certain business expenses petitioner submitted, the notice of determination abated a portion of the tax for 1992 and 1993. In addition, in the description of issues petitioner raised, the notice of determination acknowledged that petitioner had submitted a request for interest and "penalty" abatement as part of her CDP hearing: "While your case was pending in Appeals, you also submitted a request for abatement of interest and penalties." After summarizing the grounds she had advanced for interest and "penalty" abatement, the notice of determination concluded that petitioner had shown reasonable cause and that the additions to tax for all years would be abated.[3] With respect to interest abatement, the notice of determination stated: "A review of your request for abatement shows that there is no basis for interest abatement, based on the criteria shown in IRC section 6404(e)" and that "It was determined that the conditions of IRC section 6404(e) with regard to abatement of interest were not met."

Petitioner filed a petition in this Court in which she checked the box indicating that she was disputing a "Notice of Determination Concerning Collection Action" and attached the notice of determination. The envelope that contained the petition bore a USPS postmark of November 17, 2009. The petition was received and filed by the Court on November 23, 2009. The petition disputed the notice of determination and, among the reasons for the dispute, cited an Internal Revenue

---

[3] On October 22, 2009, the settlement officer who conducted petitioner's sec. 6330 hearing issued her a separate letter stating that the additions to tax under sec. 6651(a)(1) and (2) had been abated in full.

Service (IRS) employee's erroneous representation to petitioner that she owed no income tax for her 1992–95 taxable years.

Respondent subsequently filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the 30-day period prescribed by sections 6320 and 6330(d) for appealing determinations concerning collection actions. Petitioner objected, the Court conducted a hearing on the motion, and the parties filed briefs thereafter.

## *Discussion*

### *Jurisdiction Generally*

The Tax Court is a court of limited jurisdiction, sec. 7442, and may exercise jurisdiction only to the extent expressly authorized by Congress, *Stewart v. Commissioner*, 127 T.C. 109, 112 (2006); *Estate of Young v. Commissioner*, 81 T.C. 879, 880–881 (1983). Questions of jurisdiction are fundamental, and whenever it appears that this Court may lack jurisdiction that question must be addressed. *Wheeler's Peachtree Pharmacy, Inc. v. Commissioner*, 35 T.C. 177, 179 (1960). We have jurisdiction to determine whether we have jurisdiction. *Stewart v. Commissioner*, 127 T.C. at 112; *Estate of Young v. Commissioner*, 81 T.C. at 880–881; *Brannon's of Shawnee, Inc. v. Commissioner*, 69 T.C. 999, 1002 (1978).

All claims in a petition should be broadly construed so as to do substantial justice, and a petition filed by a pro se litigant should be liberally construed. *See* Rule 31(d); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Lukovsky v. Commissioner*, T.C. Memo. 2010–117; *Med. Practice Solutions, LLC v. Commissioner*, T.C. Memo. 2009–214; *Swope v. Commissioner*, T.C. Memo. 1990–82. Accordingly, we must consider whether the petition, liberally construed, sets out a claim over which we have jurisdiction.

### *Jurisdiction To Review the Collection Action Determination*

It is a straightforward proposition that the petition sought to invoke our jurisdiction under section 6330(d)(1) to review the determinations in the notice of determination to proceed with collection. Petitioner checked the box on the petition indicating that she was disputing a "Notice of Determination Concerning Collection Action" and attached the notice of

determination. The notice of determination notes that petitioner sought a hearing under sections 6320 and 6330 and states a determination to proceed with two collection actions (a lien and a levy). The problem for petitioner is that an appeal of a collection determination under section 6330(d)(1) must be made "within 30 days of a determination". The notice of determination is dated October 16, 2009, and was sent by certified mail to petitioner on that date. Thirty days thereafter was November 15, 2009, which was a Sunday. Pursuant to section 7503, the last day for filing an appeal of the collection determination was therefore the next day, Monday, November 16, 2009 (which was not a legal holiday). The petition was received by the Court and filed on November 23, 2009. Although under section 7502 the date of a legible USPS postmark is treated as the date of delivery when actual delivery occurs beyond the date required for filing, *see, e.g.*, *Shipley v. Commissioner*, 572 F.2d 212, 213–214 (9th Cir. 1977), *aff'g* T.C. Memo. 1976–383; sec. 301.7502–1(c)(1)(iii), Proced. & Admin. Regs., section 7502 does not help petitioner here because the USPS postmark on the envelope containing the petition is November 17, 2009.

Our jurisdiction to review a collection action determination under section 6330(d)(1) depends upon the issuance of a valid notice of determination and a timely petition for review. *Lunsford v. Commissioner*, 117 T.C. 159, 165 (2001). The 30-day period provided in section 6330(d)(1) for the filing of a petition for review is jurisdictional and cannot be extended; this Court must dismiss for lack of jurisdiction any case in which a petition for review is deemed filed more than 30 days after the notice of determination is issued. *McCune v. Commissioner*, 115 T.C. 114, 117 (2000). Since the petition was not filed, or treated as filed, within the statutorily prescribed period, we lack jurisdiction to review the determination to proceed with the collection actions in the notice of determination.

*Petitioner's Contentions*

Petitioner contends that she had 90 days to appeal the notice of determination because it included determinations modifying the underlying tax liabilities for 1992–95. In petitioner's view, because her underlying tax liabilities were

addressed in the notice of determination, she is entitled to the same 90-day period to appeal the determination as is generally allowed for the filing of a petition for redetermination of a deficiency pursuant to section 6213(a).

Petitioner is mistaken. The statutory scheme of section 6330 clearly contemplates that the underlying tax liability may be challenged in designated circumstances in a section 6330 proceeding and requires the determination to consider such a challenge when properly made. *See* sec. 6330(c)(2)(B), (3)(B). However, the statute does not distinguish between determinations where the underlying tax liability is properly at issue and those where it is not. The same 30-day period to appeal the determination applies across the board. *See* sec. 6330(d).

Petitioner also argues that, because the notice determined that the additions to tax for 1992–95 should be abated and the settlement officer issued a separate letter notifying her of the abatement on October 22, 2009, she has 30 days from the date of the separate letter to appeal the notice of determination.

Petitioner's contention is meritless. In contrast to the case of interest abatement determinations, section 6404 confers no "stand-alone" jurisdiction on the Tax Court to review the Commissioner's determinations to abate penalties. *See* sec. 6404(h)(1). However, the Court's jurisdiction under section 6330(d)(1) to review determinations concerning a taxpayer's underlying tax liability does reach a determination to abate a penalty where the penalty forms part of the underlying tax liability. *See Katz v. Commissioner*, 115 T.C. 329, 339 (2000). That jurisdiction is dependent upon the penalty's forming a part of the unpaid tax that the Commissioner is seeking to collect. *See Greene-Thapedi v. Commissioner*, 126 T.C. 1, 6–7 (2006); *Chocallo v. Commissioner*, T.C. Memo. 2004–152. Respondent's determinations concerning petitioner's liability for the section 6651(a)(1) and (2) additions to tax for 1992–95, insofar as the additions affected the proposed collection actions, were made in the notice of determination under section 6330 issued on October 16, 2009. By contrast, the "penalty" letter of October 22, 2009, makes no reference to section 6330 or to any collection action.[4] Consequently, the "penalty"

---

[4] The October 22, 2009, letter would appear to have been issued in compliance with the Inter-

letter cannot reasonably be construed to constitute a determination regarding a collection action that would confer jurisdiction on this Court under section 6330(d)(1) if appealed within 30 days. *See Lunsford v. Commissioner*, 117 T.C. at 164 (our jurisdiction under section 6330(d)(1) is established "when there is a written notice that embodies a determination to proceed with the collection of * * * taxes * * * and a timely filed petition"). [5]

*Jurisdiction Under Section 6015*

Petitioner also contends that she requested spousal relief under section 6015 during her section 6330 hearing, entitling her to 90 days, rather than 30 days, from the mailing of the notice of determination to petition the Tax Court for review. *See Raymond v. Commissioner*, 119 T.C. 191, 193–194 (2002) (holding that a petition seeking review of a denial of spousal relief in a section 6330 proceeding is timely if filed within the period provided in section 6015(e)(1)). The notice of determination is silent with respect to any spousal relief claim. However, on the basis of a case activity record which petitioner has submitted to the Court, the authenticity of which respondent does not dispute, we are satisfied that petitioner requested section 6015 relief with respect to the years in issue. The case activity record states: "The taxpayer * * * wants to be determined an innocent spouse for 1992–95. Her innocent spouse request was denied and she has exhausted her appeal rights."

In *Raymond v. Commissioner*, 119 T.C. at 194, the taxpayer had raised a spousal defense in a section 6330 hearing, and the notice of determination included a determination that the taxpayer was not entitled to relief under section 6015. In those circumstances, we held that the petition, filed more than 30 days after the issuance of the notice of determination, was nonetheless timely for purposes of conferring jurisdiction on this Court to determine the appropriate relief under section 6015 because it had been filed within 90 days

nal Revenue Manual's directive that Appeals issue a closing letter to the taxpayer when a "penalty" abatement request has been granted in full. *See* Internal Revenue Manual pt. 8.11.1.5.3 (Apr. 13, 2010).

[5] Even if the "penalty" letter were somehow construed as a determination concerning a collection action, we would lack jurisdiction due to mootness as the taxes (i.e., the additions to tax) that are the subject of the letter were abated and respondent is not seeking to collect them. *See Greene-Thapedi v. Commissioner*, 126 T.C. 1, 6–7 (2006).

of the mailing of the notice of determination. "The timeliness of the petition, insofar as it seeks review of the administrative denial of section 6015 relief, is, therefore, dependent upon section 6015(e)(1)."[6]

Here, petitioner raised a spousal defense at her section 6330 hearing, but the notice of determination is silent with respect thereto. The petition can be reasonably construed as alleging a spousal defense.[7] Given the silence of the notice of determination the petition may be timely for jurisdictional purposes under section 6015(e)(1)(A)(i)(II), which authorizes a petition and confers jurisdiction on this Court where a request for equitable relief under section 6015(f) has been made[8] and there has been no final determination with respect to the request within six months. However, petitioner admits in her opening brief that she previously sought section 6015 relief with respect to the years 1992 through 1995, that she received a final determination with respect thereto in 2000, and that she did not petition for Tax Court review of that determination. The entry in the case activity record previously quoted likewise suggests that the Appeals officer was aware of the previous denial.

Section 1.6015–5(c)(1), Income Tax Regs., generally provides that a requesting spouse is entitled to only one final administrative determination of relief under section 6015 for a given assessment, unless the requesting spouse's status as married to or cohabiting with the nonrequesting spouse changes between the first and second request for relief. In *Barnes v. Commissioner*, 130 T.C. 248 (2008), we held that a second request for section 6015(f) relief from an underpayment that was essentially duplicative of an earlier request for which a final determination had been issued did not confer jurisdiction on this Court under section 6015(e)(1)(A). We expressly reserved ruling, however, on the question of "whether a second request for relief that is based

---

[6] We note that the Secretary adheres to the same position in the regulations. *See* sec. 301.6330–1(f)(2), Q&A–F2, Proced. & Admin. Regs.

[7] The petition alleges that errors in the returns filed for the years in issue were attributable to "incorrect information given to the accountant by my ex-spouse." We construe the petition, filed by a pro se litigant, broadly. *See* Rule 31(d); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Lukovsky v. Commissioner*, T.C. Memo. 2010–117.

[8] As no deficiency had been asserted against her, but instead the tax for each year in issue was reported as due but not paid, petitioner was eligible to request equitable relief under sec. 6015(f) at her sec. 6330 hearing, but she was not eligible to elect the application of sec. 6015(b) or (c). *See* sec. 6015(e)(1); *Hopkins v. Commissioner*, 121 T.C. 73, 88 (2003).

on grounds or facts sufficiently dissimilar from those underlying the first request for relief might revive the right to petition for review by this Court." *Barnes v. Commissioner*, 130 T.C. at 254 n.6.

Respondent's motion to dismiss does not address the fact that petitioner raised a spousal defense at her section 6330 hearing. The motion simply contends that the petition is untimely because it was not filed within the 30-day period provided in section 6330(d)(1), without taking into account *Raymond*, *Barnes*, or section 1.6015–5(c)(1), Income Tax Regs. On the basis of the record developed thus far, we are unable to determine whether the claim for relief petitioner raised at her section 6330 hearing is "sufficiently dissimilar" from the claim for which she received a final determination in 2000 that we would have jurisdiction over the former notwithstanding the holding in *Barnes*. Because we have jurisdiction to determine whether we have jurisdiction, we conclude that respondent's motion to dismiss must be denied insofar as it concerns petitioner's claim for relief under section 6015 for the years 1992 through 1995. Further proceedings are necessary to determine whether jurisdiction exists.

### *Jurisdiction Under Section 6404*

Because we lack jurisdiction under section 6330(d)(1) and our jurisdiction under section 6015(e) is uncertain, we consider whether the petition states an independent claim for jurisdiction under section 6404. Petitioner argues that because she requested an abatement of interest under section 6404 with respect to years 1992 through 1995, she has 180 days under section 6404(h)(1) from the mailing of the determination denying abatement to appeal it. Respondent contends that "the fact that a taxpayer raises the issue of interest abatement during her CDP hearing is irrelevant to the true nature of the proceeding"; that is, as a section 6330 proceeding in which a determination must be appealed within 30 days.

### *Final Determination Not To Abate Interest*

We consider first respondent's preliminary argument that there was "no determination as to abatement of interest

* * * made within the CDP hearing or without it" and that "Petitioner was never issued a Notice of Determination or Notice of Disallowance in connection with an interest abatement proceeding." We disagree. The notice of determination issued to petitioner in connection with her section 6330 hearing states: "A review of your request for abatement shows that there is no basis for interest abatement, based on the criteria shown in IRC section 6404(e)" and that "It was determined that the conditions of IRC section 6404(e) with regard to the abatement of interest were not met." The notice of determination satisfies us that petitioner made a request for interest abatement under section 6404(e) during her section 6330 hearing and that Appeals made a determination to deny it.

To the extent respondent may be suggesting that there was no determination denying interest abatement because it did not occur in connection with a stand-alone request for interest abatement under section 6404 or because it was not made on a Letter 3180, Final Determination Letter for Fully Disallowing an Interest Abatement Claim, his contention is meritless. Our jurisdiction to review denials of section 6404 interest abatement requests made in section 6330 proceedings is well established. *See Katz v. Commissioner*, 115 T.C. at 340–341; *Kuykendall v. Commissioner*, T.C. Memo. 2008–277; *Joye v. Commissioner*, T.C. Memo. 2002–14. Regarding the form in which the determination was made, as we recently observed in *Cooper v. Commissioner*, 135 T.C. 70, 75 (2010): "the name or label of a document does not control whether the document constitutes a determination * * * our jurisdiction is established when the Commissioner issues a written notice that embodies a determination." *See also Lunsford v. Commissioner*, 117 T.C. at 164. This principle is well illustrated in *Craig v. Commissioner*, 119 T.C. 252 (2002), where we held that a decision letter issued in connection with an equivalent hearing provided pursuant to section 301.6330–1(c)(2), Q&A–C7, Proced. & Admin. Regs., was a determination conferring jurisdiction on this Court, notwithstanding that the decision letter purported *not* to do so.

Here, the notice of determination was written and embodied a determination that petitioner was not entitled to any interest abatement under section 6404(e). The notice fairly indicates that the settlement officer gave "consider-

ation to whether it would be appropriate to abate an assessment of interest". *Bourekis v. Commissioner*, 110 T.C. 20, 26 (1998). Respondent has not suggested any basis for concluding that the determination was not intended to resolve petitioner's request for interest abatement or was not final, as required in section 6404(h)(1), and we see none. Accordingly, we conclude that the notice of determination embodied a final determination not to abate interest as contemplated in section 6404(h)(1).

### *Independent Jurisdiction Under Section 6404(h)*

Because petitioner requested an abatement of interest in connection with her section 6330 hearing, the notice of determination included a determination not to abate interest under section 6404(e), and the petition seeks our review of that determination, we conclude that the notice and petition confer jurisdiction under section 6404(h) that is independent of section 6330. *See* Rule 31(d); *Wright v. Commissioner*, 571 F.3d 215, 219–220 (2d Cir. 2009), *vacating and remanding* T.C. Memo. 2006–273; *Kaufman v. Commissioner*, T.C. Memo. 2010–89. Insofar as the petition seeks review under section 6404(h) of the failure to abate interest, it is timely for jurisdictional purposes because it was filed within 180 days of the final determination not to abate interest. *See* sec. 6404(h)(1); *cf. Raymond v. Commissioner*, 119 T.C. at 194 (timeliness of petition filed after section 6330 proceeding, insofar as it seeks review of denial of section 6015 relief, is dependent upon section 6015(e)(1)). We follow the principle applied in *Raymond*: since the claim under section 6404, like a claim under section 6015, carries a more specific grant of jurisdiction for Tax Court review than that provided in section 6330(d)(1), the more specific grant of jurisdiction controls the timeliness of the petition as to the section 6404 claim. We therefore hold that the petition is timely for purposes of conferring jurisdiction on this Court pursuant to section 6404(h)(1) to determine whether the failure to abate interest with respect to petitioner's 1992–95 taxable years was an abuse of discretion.

*Conclusion*

We shall grant respondent's motion to dismiss for lack of jurisdiction insofar as review of the collection actions in the notice of determination is concerned. Accordingly, the collection actions at issue may proceed. We shall deny respondent's motion insofar as the petition seeks our determination of the appropriate relief available under section 6015 and our review of the determination not to abate interest. Further proceedings are necessary to decide whether we have jurisdiction under section 6015(e)(1)(A), whether petitioner may maintain an action under section 6404,[9] and, if so, whether the determination not to abate was an abuse of discretion. To reflect the foregoing,

*An appropriate order will be issued.*

---

[9] Respondent's motion addresses the timeliness of the petition and has not challenged petitioner's satisfaction of the so-called net worth requirements of sec. 6404(h)(1) as referenced in sec. 7430(c)(4)(A)(ii). *See Estate of Kunze v. Commissioner*, T.C. Memo. 1999–344, *aff'd*, 233 F.3d 948 (7th Cir. 2000).