140 T.C. No. 9

UNITED STATES TAX COURT

CAROL DIANE GRAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 27849-09L.                    Filed April 25, 2013.

P moved for interlocutory appeal pursuant to I.R.C. sec. 7482(a)(2)(A) of an order dismissing for lack of jurisdiction, on account of an untimely petition, that portion of the case seeking review under I.R.C. sec. 6330(d)(1) of R's determination to proceed with collection actions.

1. <u>Held</u>:  P's contention that the period in which to file a petition for review of a collection action determination under I.R.C. sec. 6330 affecting the underlying tax liability is the 90-day period provided in I.R.C. sec. 6213 rather than the 30-day period provided in I.R.C. sec. 6330(d)(1) does not demonstrate a substantial ground for difference of opinion within the meaning of I.R.C. sec. 7482(a)(2)(A).

[*]This Opinion supplements our previously filed Opinion, <u>Gray v. Commissioner</u>, 138 T.C. 295 (2012).

2.  Held, further, P has failed to show that an immediate appeal from the order may materially advance the ultimate termination of this litigation within the meaning of I.R.C. sec. 7482(a)(2)(A).

Consequently P's motion will be denied.

Jonathan P. Decatorsmith, for petitioner.

John Spencer Hitt, for respondent.

SUPPLEMENTAL OPINION

GALE, Judge:  In an Opinion previously issued in this case, Gray v. Commissioner, 138 T.C. 295 (2012), we held that we lacked jurisdiction to review respondent's determination to proceed with certain collection actions set forth in a notice of determination issued to petitioner (notice of determination) because the petition was untimely, not having been filed within 30 days of the notice of determination as required by section[1] 6330(d)(1).[2]  The notice of determination

_____

[1]All section references are to the Internal Revenue Code of 1986 in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In addition, we held that the petition was timely for purposes of our jurisdiction to review respondent's failure to abate interest under sec. 6404(h) and that further proceedings were necessary to determine whether we had jurisdiction
(continued...)

had determined that respondent could proceed with a lien and a levy to collect unpaid income tax reported as due by petitioner on untimely joint returns filed for 1992, 1993, 1994 and 1995 and assessed by respondent pursuant to section 6201(a)(1). Petitioner had challenged the underlying tax liabilities at her hearing provided pursuant to section 6330, and the notice of determination abated a portion of the income tax assessment for each of 1992 and 1993. The notice also abated the section 6651(a) additions to tax that had been assessed pursuant to section 6665(b) for each taxable year at issue. In accordance with our Opinion, we issued an order (dismissal order) dismissing this case for lack of jurisdiction insofar as it concerned review of the determination to proceed with the collection actions challenged in the petition. Petitioner now seeks an interlocutory appeal of the dismissal order. Pending before the Court is petitioner's motion for certification of question for appeal, wherein she seeks an amendment to the dismissal order to include a statement allowing an interlocutory appeal.

Petitioner asserts in her motion that the adjustments made in the notice of determination to her Federal income tax liabilities for the years at issue constitute "deficiency determinations" that entitle her to a 90-day period for filing a petition

---

[2](...continued)
under sec. 6015(e)(1)(A) to determine the appropriate relief available to petitioner under sec. 6015.

with this Court for review of a deficiency determination, see sec. 6213(a), rather than the 30-day period for filing a petition for review of a collection action determination under section 6330, see sec. 6330(d)(1). Petitioner asks us to certify for immediate appeal the issue whether "deficiency procedures instituted during a * * * [section 6330] hearing have a 30 day or 90 day period for timely filing petitions to the Tax Court for review." Respondent filed an objection to petitioner's motion.

I.     Section 7482(a)(2)(A) in General

Section 7482(a)(2)(A) provides that a U.S. Court of Appeals, upon a timely request by a party to litigation in this Court, may permit an immediate appeal of an interlocutory order of this Court when it contains a statement that "a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation". See also Rule 193(a). Accordingly, this Court may certify an interlocutory order for immediate appeal if we conclude that (1) a controlling question of law is involved, (2) substantial grounds for a difference of opinion are present as to that question of law, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. See sec. 7482(a)(2)(A); Kovens v. Commissioner, 91 T.C. 74, 77

(1988); <u>New York Football Giants, Inc. v. Commissioner</u>, T.C. Memo. 2003-28.

Each of these requirements must be met before we certify an interlocutory order

for immediate appeal.  See <u>Kovens v. Commissioner</u>, 91 T.C. at 77.

The proper application of section 7482(a)(2) requires balancing of the

policies favoring interlocutory appeals--i.e., avoidance of wasted trial and harm to

litigants--against the policies underlying the so-called final judgment rule; that is,

avoidance of piecemeal litigation and dilatory and harassing appeals.  <u>Kovens v.

Commissioner</u>, 91 T.C. at 78.  Our certification of an interlocutory order for an

immediate appeal is an exceptional measure that we employ sparingly.  <u>See</u> <u>Gen.

Signal Corp. & Subs. v. Commissioner</u>, 104 T.C. 248 (1995), <u>aff'd on other

grounds</u>, 142 F.3d 546 (2d Cir. 1998); <u>Kovens v. Commissioner</u>, 91 T.C. at 78; <u>see

also</u> <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978).  As we stated in

<u>Kovens</u>, "interlocutory orders should be granted only in exceptional cases."

<u>Kovens v. Commissioner</u>, 91 T.C. at 78 (citing 1958 U.S.C.C.A.N. 5255, 5259,

5260-5261).  Such an approach reflects a strong policy in favor of avoiding

piecemeal review.  <u>See</u> <u>id.</u>

We decline to certify the dismissal order for interlocutory appeal.  We are

not persuaded that there are substantial grounds for a difference of opinion

regarding the applicable petitioning period or that the interlocutory appeal will

materially advance the ultimate termination of the litigation.  We explain our reasoning below.

II.     Whether Substantial Grounds for a Difference of Opinion Are Present as to the Question of Law

Petitioner contends that there is a substantial basis for a difference of opinion on the issue of the period for filing a petition with this Court for review of a determination under section 6330 when it affects a taxpayer's underlying tax liability.  Petitioner contends that section 6330 "does not explicitly state" whether a determination concerning the taxpayer's underlying tax liability must be appealed to the Tax Court within the 30-day period provided in that section.  In petitioner's view, different periods for filing a petition for Tax Court review apply, depending on the issues raised in the section 6330 hearing, such as interest abatement, see Gray v. Commissioner, 138 T.C. at 305, spousal relief, see Raymond v. Commissioner, 119 T.C. 191, 194 (2002), or, as in this case, the underlying tax liability.  Petitioner asserts that allowing only 30 days to file a petition when the underlying tax liability is properly at issue frustrates congressional intent to allow taxpayers sufficient time to evaluate their position concerning the underlying tax liability.  We disagree.

Generally, the "substantial ground for difference of opinion" test is interpreted by the courts to involve questions that present serious and unsettled legal issues. Kovens v. Commissioner, 91 T.C. at 80 (citing Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 547 (1949)). The law concerning the period for filing a petition under section 6330 involving review of the underlying tax liability is not unsettled. For a taxpayer seeking review of a determination under section 6320 or 6330, section 6330(d)(1) provides that the petition must be filed with the Tax Court within 30 days of the determination regardless of whether the underlying tax liability is at issue. As we stated in Gray v. Commissioner, 138 T.C. at 300:

> The statutory scheme of section 6330 clearly contemplates that the underlying tax liability may be challenged in designated circumstances in a section 6330 proceeding and requires the determination to consider such a challenge when properly made. See sec. 6330(c)(2)(B), (3)(B). However, the statute does not distinguish between determinations where the underlying tax liability is properly at issue and those where it is not. The same 30-day period to appeal the determination applies across the board. See sec. 6330(d).

Some of the arguments petitioner advances in her motion warrant further discussion. Petitioner contends that "Congress is silent as to whether or not underlying liability issues discussed and ultimately determined during the course of a CDP hearing are governed by the 90-day filing period applicable to deficiency

determinations under 26 U.S.C. § 6213(a)." We disagree; there is no gap in the statute concerning the period for filing a petition for review of a section 6330 determination concerning an underlying tax liability. Under section 6330, if a taxpayer has timely requested a hearing, he may raise at the hearing "any relevant issue relating to the unpaid tax" including, in designated circumstances, "challenges to the existence or amount of the underlying tax liability". Sec. 6330(c)(2). If the taxpayer challenges the "underlying tax liability" as permitted under section 6330(c)(2), "[t]he determination by an appeals officer under this subsection shall take into consideration * * * the issues raised under * * * [section 6330(c)](2)" (which include any challenge to the "underlying tax liability" raised by the taxpayer). Sec. 6330(c)(3). The foregoing "determination" is then subject to judicial review as provided in section 6330(d)(1): "The person may, within 30 days of a determination under this section, appeal <u>such determination</u> to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." (Emphasis added.) The statute leaves no room for an alternate petitioning period as petitioner suggests.

Citing the fact that petitioning periods greater than 30 days are triggered when a taxpayer raises a claim in a section 6330 proceeding for spousal relief (90 days) or interest abatement (180 days), petitioner suggests that a similar principle

should apply in the case of a challenge to the underlying tax liability and trigger the 90-day petitioning period applicable to deficiency determinations, since adjustments to the underlying tax liability, in petitioner's view, "constitute" deficiency determinations.

Petitioner's comparison of underlying tax liability determinations in a section 6330 proceeding to those covering spousal relief or interest abatement is misplaced, however. When a taxpayer raises in a section 6330 proceeding a claim for spousal relief under section 6015 or interest abatement under section 6404, the Internal Revenue Code provides separate and independent bases (besides section 6330(d)(1)) for Tax Court jurisdiction to review the Commissioner's determinations concerning relief; namely, section 6015(e) and section 6404(h), respectively. The statutory petitioning periods provided for those independent grants of Tax Court jurisdiction accordingly apply. See Gray v. Commissioner, 138 T.C. at 305 (interest abatement); Raymond v. Commissioner, 119 T.C. at 193-194 (spousal relief). By contrast, both the taxpayer's entitlement to dispute the "underlying tax liability"--which, in a section 6330 collection proceeding, is necessarily an already assessed tax (or penalty)--and the Tax Court's jurisdiction to review the Commissioner's determination concerning the "underlying tax liability", are derived entirely from section 6330. But for that section, a taxpayer

liable for an <u>assessed</u> income tax generally could dispute it only by paying it and instituting suit for a refund. <u>See generally</u> sec. 7422; 28 U.S.C. sec. 1346(a)(1) (2006). The 30-day petitioning period provided in section 6330(d)(1) is thus the exclusive, statutorily prescribed petitioning period for Tax Court review of a "determination" concerning an "underlying tax liability" as those terms are employed in section 6330.

Moreover, petitioner's contention that the adjustments made in the notice of determination to the income tax liabilities for 1992 and 1993 and to the additions to tax for all years "constitute deficiency determinations" is in clear conflict with the statutory definition of a "deficiency". A "deficiency" is a fundamental term of art in tax procedure. It is defined in section 6211(a) for all Internal Revenue Code purposes as follows:

SEC. 6211. DEFINITION OF A DEFICIENCY.

(a) * * * For purposes of this title in the case of income * * * taxes imposed by subtitle[] A * * * , the term "deficiency" means the amount by which the tax imposed by subtitle A * * * exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was

shown as the tax by the taxpayer thereon,
plus

(B) the amounts previously assessed
(or collected without assessment) as a
deficiency, over--

(2) the amount of rebates, as defined in subsection
(b)(2), made.

Simply put, a "deficiency" in income tax generally exists where the amount of tax imposed by subtitle A of the Code exceeds the amount of tax shown by the taxpayer on his return. When the Secretary (or his delegate, the Commissioner) "determines" that a "deficiency" exists, he is authorized to send a "notice of such deficiency" to the taxpayer, sec. 6212(a), and the taxpayer is entitled, generally within 90 days thereafter,[3] to petition the Tax Court for a "redetermination" of that "deficiency", sec. 6213(a).

For the years at issue in this case, no "deficiency" was ever determined by respondent; that is, respondent has at no point ever asserted that the amounts of tax imposed by subtitle A for these years are greater than those petitioner reported on her returns. Instead, respondent assessed the income tax at issue for these years in the amounts reported as due by petitioner and her former spouse on late-filed

---

[3]The period is 150 days where the notice is addressed to a person outside the United States. Sec. 6213(a).

joint returns, without resort to the deficiency procedures of sections 6212 and 6213. See sec. 6201(a)(1). Likewise, the additions to tax under section 6651(a)(1) and (2) were also summarily assessed by respondent without resort to the deficiency procedures, as he is authorized to do pursuant to section 6665(b).[4] In short, these additions to tax did not give rise to a "deficiency" as defined for Internal Revenue Code purposes.[5]

The assessed but unpaid income tax and additions to tax for the years at issue constitute an "underlying tax liability" for each year as that term is used in section 6330(c)(2)(B) because they are "amounts * * * owe[d] pursuant to the tax laws that are the subject of the Commissioner's collection activities." See Callahan v. Commissioner, 130 T.C. 44, 49 (2008). But they are not "deficiencies" for Internal Revenue Code purposes, and the section 6330 notice of determination action to reduce or eliminate them in no way constitutes a

---

[4]The notice of determination abated all of the sec. 6651(a) additions to tax at issue. We find it unnecessary to consider whether, in the event petitioner's petition had been timely with respect to respondent's collection action determinations under sec. 6330, there would have been a justiciable issue to review concerning the additions to tax. See Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006).

[5]As no deficiencies were ever determined with respect to the years at issue, the additions to tax at issue would not have been eligible for deficiency procedures by virtue of sec. 6214(a). See Downing v. Commissioner, 118 T.C. 22, 26-27 (2002).

"deficiency determination". These liabilities and the notice of determination action with respect to them simply cannot be fitted within the parameters of sections 6212 and 6213. Consequently, the 90-day petitioning period provided in section 6213 has no application to them; any claim to the contrary ignores the definition of a "deficiency".

Presumably, the more circumscribed 30-day petitioning period for Tax Court review of section 6330 determinations concerning "underlying tax liabilities" reflects congressional recognition that "underlying tax liabilities" represent <u>assessed</u> taxes whereas "deficiencies" do not. As assessed taxes, the liabilities making up the "underlying tax liability" have already been accorded the various preassessment procedural safeguards that Congress deemed appropriate (including the 90-day petitioning period for Tax Court review in the case of taxes eligible for "deficiency" procedures).[6] In any event, the statutorily prescribed

---

[6]In the case of income tax and other taxes eligible for "deficiency" procedures, they may be assessed--and therefore become part of an "underlying tax liability"--only after the Commissioner has mailed a notice of deficiency to the taxpayer's last known address extending to him a 90-day (or 150-day) period for petitioning the Tax Court for review. Secs. 6212-6215. Further, in these circumstances, the taxpayer may challenge "underlying tax liabilities" that have been the subject of a properly addressed notice of deficiency only if the taxpayer can show that he did not receive the notice of deficiency. Sec. 6330(c)(2)(B); <u>see</u> <u>Kuykendall v. Commissioner</u>, 129 T.C. 77, 80 (2007); <u>Tatum v. Commissioner</u>, T.C. Memo. 2003-115.

review provided for "deficiency" determinations and for determinations under section 6330 of challenged underlying tax liabilities are not equivalent. Cf. Freije v. Commissioner, 125 T.C. 14, 35-36 (2005) (Tax Court review of underlying tax liability in section 6330 proceeding does not satisfy taxpayer's right to a deficiency proceeding to establish the liability). Petitioner's suggestion that they be treated as equivalent is contrary to the statute.

The fault in petitioner's reasoning is perhaps best illustrated by the anomalous results it produces. The "underlying tax liabilities" that were adjusted in this case consist of income tax reported as due on returns that respondent assessed pursuant to section 6201(a)(1)--i.e., without deficiency procedures--and additions to tax under section 6651(a) that respondent likewise was entitled to assess under section 6665(b) without resort to deficiency procedures.[7] That is to say, in both instances Congress concluded that deficiency procedures were not warranted to establish these liabilities. Yet petitioner would have us interpret section 6330 so that we extend the 90-day petitioning period for deficiency

---

[7]Our jurisdiction to review the Commissioner's determination to proceed with collection of these two categories of tax liabilities as "underlying tax liabilities" in a sec. 6330 proceeding is well established. See Montgomery v. Commissioner, 122 T.C. 1 (2004) (taxpayer-reported tax assessed pursuant to sec. 6201(a)(1)); Downing v. Commissioner, 118 T.C. at 27-28 (sec. 6651(a) additions to tax assessed pursuant to sec. 6665(b)).

determinations to two categories of tax liabilities that Congress expressly decided did not warrant deficiency procedures. And the problem does not stop there. The phrase "underlying tax liability" encompasses other taxes that are not eligible for deficiency procedures, such as, for example, employment taxes imposed by subtitle C of the Internal Revenue Code, see Salazar v. Commissioner, T.C. Memo. 2008-38, aff'd, 338 Fed. Appx. 75 (2d Cir. 2009), and section 6702 frivolous return penalties, see Callahan v. Commissioner, 130 T.C. at 49. Yet under petitioner's theory, adjustments to these taxes in a section 6330 proceeding would likewise entitle the taxpayer to the 90-day petitioning period intended for deficiency determinations.

In summary, we conclude petitioner has not shown that there are any substantial grounds for a difference of opinion concerning the petitioning period applicable to determinations under section 6330 affecting the underlying tax liability.

III. <u>Whether an Immediate Appeal Would Materially Advance the Ultimate Termination of the Litigation</u>

We also conclude that an immediate appeal would not materially advance the ultimate termination of the litigation within the meaning of section 7482(a)(2)(A). Petitioner contends that in the interest of judicial economy, this

Court should hear all justiciable issues at the same time, after the U.S. Court of Appeals for the Seventh Circuit remands the case to the Tax Court for further proceedings. However, an immediate appeal would produce two litigation tracks for substantively intertwined issues. In addition, petitioner already has two cases raising the identical issue pending before the Court of Appeals. See Gray v. Commissioner, docket No. 27850-09L (Mar. 28, 2012), appeal filed (7th Cir. June 29, 2012); Gray v. Commissioner, docket No. 3260-08L (Mar. 28, 2012), appeal filed (7th Cir. June 29, 2012).

Accordingly, our holding concerning the untimeliness of the petition in this case for purposes of review pursuant to section 6330(d)(1) does not fall within the exceptional category of cases contemplated by Congress when enacting section 7482(a)(2), and we conclude that the requirements for an interlocutory appeal have not been met.

To reflect the foregoing,

An order denying petitioner's motion will be issued.