T.C. Memo. 2017-145

UNITED STATES TAX COURT

MARIA SHENORAH MCCREE, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10129-14L.                        Filed July 26, 2017.

Maria Shenorah McCree, pro se.

<u>Moenika N. Coleman</u> and <u>Linda L. Wong</u>, for respondent.

MEMORANDUM OPINION

PARIS, <u>Judge</u>:  This case is before the Court on respondent's motion for

summary judgment under Rule 121[1] filed on March 24, 2016, and supplemented

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code in effect at all relevant times and all Rule references are to the Tax
Court Rules of Practice and Procedure.

[*2] on June 1, 2016.  Respondent contends that no genuine disputes exist as to any material fact and that respondent is entitled to judgment as a matter of law on the grounds that:  (1) petitioner is not challenging the existence or amount of her 2010 income tax liability and she failed to properly raise the merits of the liability during the supplemental collection due process (CDP) hearing; (2) the petition raises no other valid claims for relief; (3) respondent is not precluded from determining a deficiency because he accepted petitioner's return and issued a refund; and (4) Settlement Officer (SO) Taylor did not abuse his discretion in sustaining the proposed levy action for petitioner's 2010 unpaid Federal income tax liability because he fully complied with section 6330(c)(3).

For the reasons stated infra, the Court will grant in part and deny in part respondent's motion for summary judgment, as supplemented.

## Background

The following facts are derived from the parties' pleadings and motion papers, including exhibits and affidavits.  See Rule 121(b).  Petitioner resided in Texas when she timely filed her petition.

I.      Petitioner's Form 1040 and Letter 4464C

Petitioner timely filed her 2010 Form 1040, U.S. Individual Income Tax Return.  On her 2010 tax return petitioner reported a distribution of $20,056.68

[*3] from the Employees Retirement System of Texas as a rollover, reporting zero taxable amount; but she failed to deposit the distribution in a qualified account. Petitioner claimed a refund of $8,380.

On February 17, 2011, the Internal Revenue Service (IRS) Integrity & Verification Operation (IVO) issued a Letter 4464C, Questionable Refund 3rd Party Notification, to petitioner.[2] The IVO's Letter 4464C informed petitioner that her 2010 refund was being held pending the IVO's review and verification of one or more of the following: (1) "[i]ncome you reported on your return", (2) "[i]ncome tax withholding amounts you reported on your return", (3) "[c]laims for tax credits you made on your return", or (4) "[b]usiness income you reported on your return". Letter 4464C stated that petitioner was "not required to do anything at this time" and that if she did not receive her refund within 45 days, she could call the telephone number provided. On March 28, 2011, petitioner received the $8,380 refund she had claimed on her 2010 tax return.

On August 6, 2012, respondent issued to petitioner a statutory notice of deficiency determining a deficiency in her 2010 Federal income tax of $5,637 and an accuracy-related penalty under section 6662(a) of $1,127.40. Respondent

---

[2]The IVO verifies withholdings to protect taxpayers against claims for fraudulent inflated refunds. See Internal Revenue Manual pt. 9.5.3.2.5 (Feb. 9, 2005) (questionable refund program).

**[*4]** determined that petitioner improperly reported the $20,056.68 distribution as a rollover because she deposited the distribution into a nonqualified bank account. Petitioner did not receive the notice of deficiency and, therefore, did not timely petition the Court in response to the notice of deficiency.[3]

II.     Offer-in-Compromise, CDP Hearing, and Remand

Respondent assessed the deficiency and penalty and sent petitioner a notice of balance due. In response petitioner submitted to respondent a Form 656-L, Offer in Compromise (Doubt as to Liability), dated March 20, 2013, for her 2010 tax liability. Petitioner challenged the correctness of the tax liability by attaching qualifying tuition payment documentation to Form 656-L. Petitioner's offer-in-compromise (OIC) was sent to IRS Appeals Office (Appeals) for consideration by an Appeals officer--AO.[4]

_____

[3]Petitioner filed a petition 253 days after the notice of deficiency was mailed to her. Even though petitioner checked the box to dispute a notice of deficiency, she attached to the petition letters disputing other IRS notices and letters. That petition was dismissed for lack of jurisdiction because the Court has no authority to extend the period provided by law for filing a petition "whatever the equities of a particular case may be and regardless of the cause for its not being filed within the required period". Axe v. Commissioner, 58 T.C. 256, 259 (1972); see also sec. 6213(a); Estate of Cerrito v. Commissioner, 73 T.C. 896 (1980).

[4]Petitioner's case was remanded to Appeals for a supplemental CDP hearing before a new SO. For convenience, the Court will refer to the Appeals officer from the OIC as AO, the settlement officer from the initial CDP hearing as SO,

(continued...)

**[*5]**   While AO was considering petitioner's OIC, respondent issued to petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, dated July 31, 2013, for 2010 (levy notice).  Upon receipt of the levy notice, petitioner timely submitted Form 12153, Request for Collection Due Process or Equivalent Hearing, and checked the box for "proposed levy or actual levy".  On Form 12153 petitioner did not select a collection alternative but stated that "[t]he intent to levy my property should be withdrawn.  At the time the tax was due I was a full time student."  Along with Form 12153 petitioner included the same documentation for qualifying tuition payments she had sent with her OIC.

On January 31, 2014, Appeals issued to petitioner a letter scheduling a telephone CDP hearing for February 25, 2014.  In the letter SO erroneously informed petitioner that she would be unable to dispute the underlying liability at the CDP hearing because she had a prior opportunity and that AO was considering her OIC in a separate Appeals setting.

On February 25, 2014, SO called petitioner for the CDP hearing.  SO informed petitioner that on the basis of the documents she provided to support her

---

[4](...continued)
and the SO and the AO from the supplemental CDP hearing by name--SO Taylor and AO Lam.

**[\*6]** OIC, AO abated part of her income tax liability and abated the accuracy-related penalty in full. SO again erroneously informed petitioner that she would be unable to contest the 2010 tax liability. Petitioner then stated that she did not owe the tax and wanted to review AO's determination on her OIC before discussing her case further.

SO sent petitioner a letter, dated February 28, 2014, with AO's OIC determination attached. The letter scheduled a followup telephone call for March 5, 2014. During that call petitioner again challenged the correctness of the tax liability and stated that she did not owe the tax and "wanted her day in court". SO then stopped the CDP hearing and closed petitioner's case and, on March 26, 2014, issued a Notice of Determination Concerning Collection Action(s) Under Section(s) 6320 and/or 6330 (notice of determination), sustaining the proposed collection action for petitioner's remaining 2010 Federal income tax liability.

III.    Proceedings Before the Court

Petitioner timely petitioned the Court for review of the notice of determination. Petitioner asserted that she was given a refund after the IRS reviewed the distribution from her retirement account. She further asserted that releasing the refund was "due to negligence on the IRS" and because the IRS was

[*7] negligent it should deal with the consequences. Petitioner also attached documents to her petition related to her OIC.

On September 22, 2015, respondent filed a motion to remand and stated that the purpose would be to allow petitioner "an opportunity to raise any legitimate arguments she may have regarding her 2010 underlying liability" and "to allow respondent's Office of Appeals an opportunity to consider those arguments." Respondent also stated that SO wrongly believed that petitioner could not challenge her underlying liability at the CDP hearing because she had a prior opportunity to challenge the liability. On September 29, 2015, the Court granted respondent's motion to remand and ordered that petitioner be provided a supplemental CDP hearing.

A.    Supplemental CDP Hearing

Petitioner's case was assigned to AO Lam and SO Taylor, neither of whom had previously played any substantive role in petitioner's case. On October 28, 2015, AO Lam sent petitioner a letter scheduling a telephone supplemental CDP hearing to discuss additional facts and information regarding her underlying liability pursuant to the Court's order.

At the supplemental CDP hearing held on November 9, 2015, petitioner did not offer any additional documents or information challenging the underlying

[*8] liability; she instead asserted that the IRS misallocated funds by issuing her a refund.[5] AO Lam informed petitioner that a determination of her underlying liability would be made on the basis of review of the information she had previously provided with her OIC and her CDP hearing request. AO Lam then transferred the case to SO Taylor.

On December 21, 2015, SO Taylor issued to petitioner a letter scheduling a followup supplemental CDP hearing for January 13, 2016, to discuss collection alternatives to the proposed levy. In the letter SO Taylor informed petitioner that she qualified for an installment agreement and that he would process the necessary paperwork if she agreed to the proposed monthly payment. SO Taylor also stated that if petitioner did not agree to the proposed amount, she would need to complete a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, before he could discuss other options.

Petitioner did not respond to SO Taylor's letter or provide him with a Form 433-A or financial documents. SO Taylor called petitioner for the scheduled supplemental CDP hearing on January 13, 2016, and left her a voicemail message informing her that if she did not want a collection alternative then her case would

---

[5]The record does not reflect whether petitioner had already provided all of the documents related to her underlying liability to respondent.

[*9] be closed. Petitioner did not return SO Taylor's call or send him any other correspondence. On February 10, 2016, SO Taylor issued to petitioner a Supplemental Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy for 2010 (supplemental notice of determination).

B. Summary Judgment and Parties' Arguments

On March 24, 2016, respondent filed a motion for summary judgment under Rule 121 and a declaration in support of the motion. On March 28, 2016, petitioner filed a response objecting to respondent's motion. Petitioner argued in her response that respondent's actions created unjust treatment, that respondent has attempted "to change the definition" of Letter 4464C, and that she has consistently challenged her underlying liability.

On May 23, 2016, the Court held a hearing on respondent's motion. At the hearing petitioner asserted that Letter 4464C was an audit letter and that it was the IRS' error for not properly verifying her tax return information before releasing the $8,380 refund to her. Respondent argued that: (1) Letter 4464C is not an audit letter and that the IVO screens tax returns to detect fraudulent claims for refunds; (2) SO Taylor did not abuse his discretion sustaining the proposed levy because petitioner did not properly raise the post-OIC reduced underlying liability

[*10] in her supplemental CDP hearing; and (3) SO Taylor considered petitioner's audit argument but determined that the IRS did not err because the IVO merely reviewed her reported withholding on her 2010 tax return.

On June 1, 2016, respondent filed a first supplement to his motion for summary judgment and attached thereto a declaration of a senior technical advisor in the IVO. The declaration stated that the IVO does not conduct audits of taxpayers' tax returns but does screen tax returns to detect false wages or withholding. Petitioner's tax return was screened for possible fraudulent inflated withholdings, but the IVO determined that the withholdings reported on her tax return were correct.

On June 17, 2016, petitioner filed a response to the first supplement to respondent's motion for summary judgment. In her response petitioner argues that respondent's negligence caused her to receive a refund for 2010. Petitioner's argument asserts a form of estoppel: Respondent should not be able to issue a refund after reviewing a return and later audit that return and determine a deficiency in Federal income tax.

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

**[*11]** The Court may grant summary judgment only if there is no genuine dispute of material fact.  Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), <u>aff'd</u>, 17 F.3d 965 (7th Cir. 1994).  The moving party must prove that no genuine dispute as to any material fact exists and that she is entitled to judgment as a matter of law.  <u>FPL Grp., Inc. & Subs. v. Commissioner</u>, 115 T.C. 554, 559 (2000).

In deciding whether to grant summary judgment, the Court considers the facts and inferences drawn therefrom in the light most favorable to the nonmoving party.  <u>Id.</u>  Where the moving party properly makes and supports a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of such party's pleading" but must set forth specific facts showing that there is a genuine dispute for trial.  <u>See</u> Rule 121(d); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. at 520.  Partial summary adjudication may be made which does not dispose of all the issues in the case.  <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985); <u>see also</u> Rule 121(b).

The issues to decide on summary judgment are whether:  (1) petitioner challenged the existence or amount of her 2010 income tax liability in her CDP hearing; (2) the petition raises valid claims for relief; (3) respondent is precluded

[*12] from determining a deficiency after issuing a refund; and (4) SO Taylor abused his discretion when he sustained the proposed levy action.

## I.     Section 6330

Section 6331(d) requires the Secretary to send the taxpayer written notice of the Secretary's intent to levy, and section 6330(a) requires the Secretary to send the taxpayer written notice of his right to a section 6330 hearing at least 30 days before any levy.  Murphy v. Commissioner, 125 T.C. 301, 307 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).  Respondent sent petitioner the levy notice on July 31, 2013.

If a section 6330 hearing is requested, the hearing is to be conducted by Appeals to determine whether to sustain the proposed collection action.  In making that determination, section 6330(c)(3) requires the Appeals officer to consider:  (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed levy balances the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Once an Appeals officer makes a determination, the taxpayer may appeal the determination to the Tax Court.  Sec. 6330(d)(1).

**[\*13]** II.　　Underlying Liability

A taxpayer may challenge the underlying liability in a CDP hearing if she did not receive a notice of deficiency or otherwise have an opportunity to contest the underlying liability.  See sec. 6330(c)(2)(B); see also Sego v. Commissioner, 114 T.C. 604, 609 (2000).  This Court considers a taxpayer's challenge to her underlying liability in a collection action case only if she properly raised that challenge at her CDP hearing.  See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  An issue is not properly raised at the CDP hearing if the taxpayer fails to request consideration of that issue by Appeals or if she requests consideration but fails to present any evidence after being given a reasonable opportunity to do so.  Giamelli v. Commissioner, 129 T.C. at 115; sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  The taxpayer must also raise the issue in her petition to this Court.  Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

Before the initial CDP hearing petitioner attached to her OIC documents that supported reducing her underlying liability and eliminating the accuracy-related penalty.  During the review of petitioner's OIC, AO abated some of the tax liability and all of the accuracy-related penalty on the basis of the documentation

[*14] she provided. Petitioner attached those same documents to her CDP hearing request and contested her underlying liability during her initial CDP hearing. Even though SO erroneously thought she could not consider petitioner's underlying liability and did not allow petitioner to contest it, petitioner properly raised the issue and provided evidence that resulted in a reduction of her underlying liability. See sec. 6330(c)(2)(B).

In the supplemental CDP hearing, AO Lam gave petitioner an opportunity to contest the remainder of her underlying liability, but petitioner declined the opportunity. Petitioner's failure to substantively participate in the supplemental CDP hearing does not negate her earlier proper challenge to her underlying liability. See Kelby v. Commissioner, 130 T.C. 79, 86 (2008).[6] Additionally, respondent acknowledged that petitioner was entitled to challenge her underlying liability when he requested a remand.

Because petitioner properly challenged her underlying liability, the proper standard of review with respect to this issue is de novo. See Giamelli v.

---

[6]It is well settled that a taxpayer is entitled to a single hearing under sec. 6330 with respect to the period to which the unpaid liability relates. Sec. 6330(b)(2); Freije v. Commissioner, 125 T.C. 14, 22 (2005). Therefore, when the Court remands a case to Appeals, the further hearing is a supplement to the taxpayer's original sec. 6330 hearing, not a new hearing. Kelby v. Commissioner, 130 T.C. 79, 86 (2008).

[*15] <u>Commissioner</u>, 129 T.C. at 111. Neither petitioner nor respondent provided the Court with sufficient information to decide this issue on summary judgment; petitioner has shown that this is a genuine issue of material fact for trial and will be allowed to contest her underlying liability at a future trial setting.[7] <u>See</u> <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 9 (2004). Therefore, respondent's motion for summary judgment, as supplemented, will be denied on this issue.

III.    <u>Valid Claim for Relief</u>

Respondent next argues that petitioner is not challenging her underlying liability in this case and that the petition raises no other valid claims for relief.

In her petition, petitioner raised issues related to her underlying liability, including the amount Appeals determined she owed. Petitioner also attached to her petition documents from Appeals' review and determination on her OIC.

All claims in a petition should be broadly construed so as to do substantial justice, and a petition filed by a pro se litigant should be liberally construed. <u>See</u> Rule 31(d); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Gray v. Commissioner</u>, 138 T.C. 295, 298 (2012).

---

[7]Generally, the Commissioner's determinations are presumed correct, and the taxpayer will bear the burden of showing those determinations are in error. <u>See</u> Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

**[\*16]** Viewing the statements in the petition and attached documents and the inferences drawn from those statements and documents liberally, the Court finds that petitioner challenged her underlying liability in the petition. Therefore, respondent's motion for summary judgment, as supplemented, will be denied on this issue.

IV. <u>Petitioner's Refund and Deficiency</u>

Respondent argues that he is not precluded from determining a deficiency in petitioner's 2010 Federal income tax after accepting her tax return, verifying her withholding, and issuing her a refund. Respondent also argues that petitioner was not subject to two audits because Letter 4464C is not an audit letter. Petitioner asserts that Letter 4464C was an audit letter and she was improperly audited twice and that respondent should be estopped from attempting to recoup any portion of the amount that was erroneously refunded to her because the IRS was negligent in issuing the refund.

A. <u>Letter 4464C and IRS Audits</u>

Petitioner argues that Letter 4464C is evidence of an audit or in other words an inspection of her "books of account" for 2010. However, "[t]o inspect the 'books of account' would require, at a minimum, that the respondent have access to and physically view a taxpayer's books and records." <u>Benjamin v.</u>

**[\*17]** <u>Commissioner</u>, 66 T.C. 1084, 1098 (1976), <u>aff'd</u>, 592 F.2d 1259 (5th Cir. 1979); <u>see also</u> <u>Redstone v. Commissioner</u>, T.C. Memo. 2015-237, at \*18-\*19; <u>Miller v. Commissioner</u>, T.C. Memo. 2001-55, 2001 WL 233962, at \*9.  The IRS has long taken the position that narrow, limited contacts between the IRS and taxpayers, such as verifying discrepancies or "matching information on a tax return with \* \* \* other records or information items that are already in the Service's possession" do not constitute "examinations".  <u>See</u> Rev. Proc. 2005-32, sec. 4.03, 2005-1 C.B. 1206, 1207; Internal Revenue Manual (IRM) pt. 4.71.4.1 (Oct. 15, 2010) (discrepancy adjustment program); <u>id.</u> pt. 25.12.1.3 (Sept. 25, 2008) (refund hold research) (setting forth internal IRS research tools that assist in resolving refund hold cases); <u>see also</u> <u>Redstone v. Commissioner</u>, at \*18-\*19.

Section 7605(b) provides:

> SEC. 7605(b). Restrictions on Examination of Taxpayer.-- No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

Section 7605(b) is not to be read so broadly as to defeat the powers granted to the Commissioner to examine the correctness of a taxpayer's return.  <u>See</u> <u>De Masters</u>

[*18] v. Arend, 313 F.2d 79, 87 (9th Cir. 1963); Miller v. Commissioner, 2001 WL 233963, at *9.

Letter 4464C did not request that petitioner produce her "books of account" or other records. Indeed, Letter 4464C stated that petitioner was "not required to do anything at this time", and she was issued her claimed refund without a request for documents or information. In his declaration, the IVO's senior technical advisor stated that Letter 4464C was issued to petitioner because her tax return was identified for possible inflated withholdings. The IVO then determined that petitioner had reported her withholdings correctly, but it did not evaluate or determine whether she had reported her income correctly.

Research of records in IRS possession to verify withholdings does not constitute an examination in violation of section 7605(b). See Rev. Proc. 2005-32, sec. 4.03; see also Grossman v. Commissioner, 74 T.C. 1147, 1156 (1980) (holding that mere examination of a taxpayer's income tax return and accompanying schedules does not constitute a second inspection of that taxpayer's books within the meaning of section 7605(b)); Rice v. Commissioner, T.C. Memo. 1994-204 (same). Therefore, with respect to petitioner, Letter 4464C was not an indication of an audit or an examination, but one of the "narrow, limited contacts or communications between the Service and a taxpayer that do not involve the

**[\*19]** Service inspecting the taxpayer's books of account". See Rev. Proc. 2005-32, sec. 4.03.

Respondent's motion for summary judgment, as supplemented, will be granted on this issue.

B.    Refund and Deficiency

The IRS is permitted by regulation to issue a refund of a claimed overpayment based solely upon a taxpayer's statement of tax owed. See sec. 301.6402-4, Proced. & Admin. Regs. The practice of issuing refunds before examining a return does not estop the IRS from later determining a deficiency on the return at issue and seeking to recover the funds previously allowed as a refund. See Warner v. Commissioner, 526 F.2d 1, 2 (9th Cir. 1975) ("[T]he Commissioner, confronted by millions of returns and an economy which repeatedly must be nourished by quick refunds, must first pay and then look. This necessity cannot serve as the basis of an 'estoppel.'"), aff'g T.C. Memo. 1974-243. Such a payment is neither implied nor express approval of the items reported on the return at issue. See Gordon v. United States, 757 F.2d 1157 (11th Cir. 1985); Warner v. Commissioner, 526 F.2d 1; Hacker v. Commissioner, T.C. Memo. 1993-285, aff'd, 29 F.3d 632 (9th Cir. 1994).

**[*20]**  Petitioner argues that the IRS was negligent in issuing her a refund and therefore should not be allowed to assert a deficiency against her.  This is precisely the argument made and twice rejected in Warner v. Commissioner, T.C. Memo. 1974-243.

The Court will not reiterate its earlier reasoning.  Respondent's motion for summary judgment, as supplemented, will be granted on this issue.

V.     Proposed Levy

Finally, respondent seeks summary judgment on the ground that SO Taylor did not abuse his discretion by sustaining the proposed levy action for petitioner's 2010 Federal income tax liability.  Because the Court will review petitioner's underlying liability de novo, it would be premature to determine whether SO Taylor abused his discretion by sustaining the proposed levy action.  Therefore, respondent's motion for summary judgment, as supplemented, will be denied on this issue.

VI.    Conclusion

The Court has considered all of the arguments made by the parties with respect to respondent's motion for summary judgment, and to the extent they are not addressed herein, they are considered unnecessary, moot, irrelevant, or without merit.

[*21]  To reflect the foregoing,

<u>An appropriate order will be issued</u>

<u>denying in part and granting in part</u>

<u>respondent's motion for summary judgment</u>.